

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00019-CR

_____

MARVIN FRANK HALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Franklin County, Texas
Trial Court No. F8859

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Marvin Frank Hall pled guilty to and was convicted of the offense of driving while intoxicated (3rd or more) and was sentenced to ten years' incarceration. Hall's sentence was imposed September 5, 2014. Hall did not file a motion for new trial. Rather, Hall filed a motion to withdraw his guilty plea, which was denied by the trial court. Hall filed his notice of appeal December 29, 2014. The issue before us is whether Hall properly invoked this Court's jurisdiction by timely perfecting his appeal. Because we find that Hall's notice of appeal was not timely filed and because he waived his right to appeal, we also conclude that we are without jurisdiction to hear the appeal.

A timely filed notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2 of the Texas Rules of Appellate Procedure prescribes the time period in which a notice of appeal must be filed to perfect an appeal in a criminal case. *See* TEX. R. APP. P. 26.2. A criminal defendant's notice of appeal is timely if filed within thirty days after the date sentence is imposed or suspended or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a); *Olivo*, 918 S.W.2d at 522.

In this case, even if we were to treat Hall's motion to withdraw his guilty plea as a motion for new trial that extended Hall's deadline for filing a notice of appeal, then the deadline for filing that notice was December 4, 2014. *See* TEX. R. APP. P. 26.2(a)(2). The notice of appeal in this matter was not mailed until December 29, 2014, twenty-five days after the deadline, making it untimely.

2

Even if Hall's notice of appeal had been timely filed, we nevertheless would not have jurisdiction over this appeal. This was a plea bargain case in which Hall waived any right of appeal he might have had. The Texas Legislature has granted a very limited right of appeal in plea bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)     . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
>> (A)     those matters that were raised by written motion filed and ruled on before trial, or
>>
>> (B)     after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). Further, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *See* TEX. R. APP. P. 25.2(d). Because this was a plea bargain case in which the assessed punishment did not exceed the agreed-upon punishment recommendation, Hall did not have a right of appeal from his conviction. *See* TEX. R. APP. P. 25.2(d).

By letter dated February 20, 2015, we notified Hall of these potential defects in our jurisdiction and afforded him an opportunity to respond. Hall has not filed a response.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice


Date Submitted:     April 30, 2015
Date Decided:      May 1, 2015

Do Not Publish

3